# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00724-RPM

JENNIFER McINERNEY,

    Plaintiff,

v.

UNITED AIR LINES, INC., a Delaware corporation,

    Defendant..

_____

# PROTECTIVE ORDER
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" shall include any writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. See Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former employees, representatives, or agents of Defendant, United Air Lines, Inc., ("Defendant") or any of the subsidiaries or affiliates of Defendant, including but not limited to: personnel information concerning Plaintiff and employees of Defendant; information concerning private personal matters not generally known to the public, such as, but not limited to, tax returns, medical information and information from previous and subsequent employers of Plaintiff; non-party employee names, addresses and social security numbers; non-parties' employment and compensation histories; non-party employee performance evaluations and termination files; staffing composition and plans; information containing industry trade secrets; Defendant's proprietary or non-public business information; information relating to Defendant's investment, business and operational strategies, plans and corporate structure, economic and market analyses, marketing strategies, client/project lists, financial projections and cost information treated or considered by Defendant, by policy or practice, to be confidential or proprietary; and Defendant's trade secret information. CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be given, shown, disclosed or made available in any way to any person other than:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for Defendant;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

    (h) other persons by written agreement of all the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the individuals listed in paragraphs 4(a) through 4(f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" or at a later date.  However, any use by the receiving party made before a post-production designation will not be a violation of this

Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the receiving party takes all reasonable steps to retrieve materials it disseminated prior to the designation and to otherwise come into conformance with the new designation.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within five (5) business days after the conclusion of that 10-business day window requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Once such a motion is filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL

shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to return CONFIDENTIAL documents, the returning party shall provide all parties with an affidavit confirming that all CONFIDENTIAL documents have been returned. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction of all CONFIDENTIAL documents.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 23rd day of January, 2008.

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch
United States District Judge

STIPULATED TO AND APPROVED AS TO FORM this ___ day of January, 2008.

| | |
|---|---|
| By: s/ John R. Olsen | By: s/ David D. Powell, Jr. |
| John R. Olsen, Esq. | David D. Powell, Jr. |
| Olsen and Brown, LLC | Kimberly I. Danielson |
| 8362 Greenwood Drive | 410 Seventeenth Street, Suite 2200 |
| Niwot, Colorado 80503 | Denver, Colorado 80202 |
| | Telephone: (303) 223-1100 |
| ATTORNEY FOR PLAINTIFF | Facsimile: (303) 223-1111 |
| | ATTORNEYS FOR DEFENDANT |